JOHN JENNISON *versus* HUTCHINS HAPGOOD *et al.*
· PRUDENCE SAUNDERSON *versus* The Same.
THOMAS GROUT *et al. versus* The Same.

Where a bill in equity brought by the administrator and heirs of an intestate to recover
and devised to him, was discontinued, and an execution against them for the costs
was paid by a stranger, and not by the administrator nor at his request, it was *held*
that a charge for such costs in the administrator's account, was properly disallowed
by the judge of probate.

Where an executor sold the real estate of the testator and purchased it himself, and
the heirs of the devisee, whose estate was insolvent, affirmed the sale, and in conse-
quence the proceeds and interest thereon were paid to the administrator of the de-
visee, it was *held,* that the proceeds were to be treated as personal estate from the
time of the sale, and that the heirs therefore had no right to the interest as a substi
tute for the rents and profits of the real estate, but that the devisee's creditors were
entitled as well to the interest as to the principal.

Where a testator, having mortgaged his real estate, devised it to his son, who died
leaving a widow, and the executor sold the equity of redemption and purchased it
himself and redeemed the mortgage, paying one half of it with assets in his hands,
as executor, as directed in the will, and the other half with his own money, and the
heirs and widow of the son elected to affirm the sale, it was *held,* that the widow
was entitled, on account of her right of dower, to the interest during her life on one
third of the sum for which the equity of redemption was sold, and on one third of the
amount paid out of the testator's estate towards extinguishing the mortgage.

THESE cases were appeals from a decree of the judge of
probate, made in · January, 1833, ordering distribution to be
made of the estate of John Grout deceased.

The parties agree, that at September term 1828 of the
Supreme Judicial Court, a bill in equity which had been pros-
ecuted by John Jennison the administrator, by Prudence
Grout, now Prudence Saunderson, the widow, and by Thom-
as Grout and others, the children and heirs at law, of John
Grout, against Hutchins Hapgood, executor of the will of
Jonathan Grout, the father of John, for the recovery of a cer-
tain farm devised by Jonathan to John Grout, was dismissed,
and that thereupon judgment was rendered that Hapgood should
recover $293, costs of suit, against those plaintiffs, for which
sum execution was accordingly issued. This execution was
afterwards paid by one Saunderson. At the time of settling
his final account as administrator, Jennison claimed to be al-
lowed the amount of this judgment for costs, or some part of
it, but the judge of probate refused to allow the same. Saun-

derson had been the guardian of John Grout's children, but at the time of the judgment they were all of age. There is no proof that Jennison requested Saunderson to pay the judgment, but Saunderson then held an agreement signed by the children, dated in February, 1826, when two of them were minors, in which they promised to reimburse his expenses in the prosecution of the suit in equity. No request from any other person to Saunderson to pay the judgment was proved; but in a conversation had soon after the judgment, between Saunderson and Lewis Bigelow, the solicitor for the plaintiffs in the bill in equity, Bigelow told Saunderson that it would not do to have the execution go out against Jennison, and thereupon Saunderson paid it.

The devise of the farm was as follows. "I give unto my son John my homestead farm &c., together with two bonds wherein my son Jonathan promises to indemnify me against a certain mortgage of said farm to Abigail Hale, &c., and should Jonathan be unable to pay the sums named in his obligations to me, I order that John pay the one half the deficiency, and the other half shall be paid out of my other estate," &c. "The residue of my estate I give, after paying my debts, to my daughters, &c., always providing that if the residue shall exceed one thousand dollars in value, to each daughter, the overplus shall be divided among all my children, after firstly taking from such overplus enough to clear the homestead for John." The testator died on the 9th, and John Grout on the 12th of September, 1807.

Hapgood, as executor, sold the right in equity to redeem the farm, for $500, and it was bid in for him by an agent. In 1809 he redeemed the farm, and has ever since owned it. The conveyance to him by Mrs. Hale was in the form of an assignment of the mortgage. Mrs. Hale entered under the mortgage, for condition broken; and she and Hapgood held peaceable possession of the farm for more than three years after such entry.

In the course of the settlement of Jonathan's estate, this Court decided, that those who were interested in his real estate, which had been sold by the executor and purchased in by himself, might elect to take the real estate thus sold, or the

proceeds of the sale. The widow and heirs of John elected to receive the proceeds of the sale ; which election was made at or about the time of dismissing the bill in equity.

In the case of *Grout* v. *Hapgood*, 13 Pick. 159, it was considered that one half of the incumbrance was to be paid out of the testator's estate, but that the provision for paying the other half out of the " overplus " of the " residue," had been defeated by events ; and it was decreed that Hapgood should pay to the administrator of John Grout the proceeds of the real estate devised to John, with interest, including half of the amount of the mortgage.

After that decree, which was made in October, 1832, and before January, 1833, the widow of John demanded of the administrator, that he should pay over to her one third part of the income of the estate which had come into his hands as the proceeds of the real estate.

The children of John claimed of the administrator the interest upon the sums of money which had come into his hands, from the death of their father. The estate of John was represented insolvent, and was actually so.

The judge of probate decreed, that the account presented by the administrator be allowed, first deducting the charge for payment to Hapgood of $293, &c., and that the balance in his hands, of $2585, be paid over to the creditors of the estate, whose claims had been allowed.

From this decree the administrator appealed, because he was not allowed to retain for the sum of $293, above mentioned.

The heirs appealed, because the balance in the hands of the administrator having been the proceeds of the rents and the sales of certain real estate of the intestate, and the interest thereon, the interest on the amount of such sales, from the time of making thereof, together with the rents of said real estate, ought to have been decreed unto the heirs.

The widow appealed, because the balance was made up of the proceeds of sales of real estate of the intestate, and the income of one third part thereof ought to have been decreed to her during her life, as and for her lawful dower out of the estate of the intestate.

Jennison
v.
Hapgood.

The records of the proceedings in the settlement of the estate of Jonathan Grout were made a part of the case. See *Jennison* v. *Hapgood*, 7 Pick. 1, and 10 Pick. 77 ; *Houghton* v. *Hapgood*, 13 Pick. 154 ; and *Grout* v. *Hapgood*, 13 Pick 159.

*Oct. 5th.*

*J. Davis* and *Washburn* for the appellants. The bill in equity against Hapgood was brought and prosecuted for the benefit of the estate of John Grout generally, and not for the particular benefit of the heirs ; the costs of the suit therefore were a proper charge upon the estate. The administrator was personally liable on the execution, and the payment made by Saunderson, under the direction of Bigelow, who was counsel for the administrator, must be deemed to have been made by him as the agent of the administrator and at his request.

In regard to the appeal by the widow, it appears that Jonathan Grout, having mortgaged his homestead farm to Mrs. Hale, devised the equity of redemption to his son John, and directed that one half of the mortgage should be paid out of his, the testator's, estate. Hapgood, the executor, sold the equity of redemption for $ 500 and purchased it himself, and redeemed the mortgage, paying one half of it with funds which he held as executor. The widow of John Grout was dowable of the equity of redemption, but as she and the heirs of John have elected to take the proceeds of the land instead of the land itself, she is entitled, during her life, to the interest on one third of $ 500, for which the equity of redemption was sold, and on one third of the amount paid by Hapgood as executor towards the redemption of the mortgage. *Hildreth* v. *Jones*, 13 Mass. R. 525 ; *Jennison* v. *Hapgood*, 10 Pick 91, 102 ; *Gibson* v. *Crehore*, 5 Pick. 146 ; *Bolton* v. *Ballard*, 13 Mass. R. 227.

The heirs having elected to affirm the sales, the proceeds are to be treated as real estate, and until the principal is applied to the payment of John's debts, the heirs are entitled to the interest, as they would have been entitled to the rents and profits of the real estate until it should have been sold for the payment of debts. *Gibson* v. *Farley*, 16 Mass. R. 280.

*Brooks* for the appellees. Supposing that the widow was entitled to dower, she ought to have made her claim when the

subject of the distribution of the balance in the hands of Hapgood as executor of Jonathan Grout was before the probate court. The heirs of John required that his share should be paid to them ; but the judge decreed that it should go to John's administrator. The heirs appealed, but the decree was affirmed by this Court. *Grout* v. *Hapgood*, 13 Pick. 159. The widow did not appeal, and the question therefore of her right to dower, is *res judicata.* [*Wilde* J. But the administrator received John's distributive share as trustee for all persons interested in John's estate.]

But the widow had no right to dower. She might have paid off the whole of the mortgage and thereby entitled herself to dower, according to the case of *Gibson* v. *Crehore*, but she has not done so ; and Hapgood, the executor, had not assets sufficient to discharge the mortgage, before it was foreclosed. He was not bound to advance his own money to redeem, and instead of redeeming he took an assignment of the mortgage, and the land is now lost to the widow entirely. It is argued that she had a right of dower, and that by her election it is turned into money. But she never had a right of election. As she did not redeem, she had no interest in the real estate, and consequently the executor sold and bought no interest belonging to her. If the mortgage is considered as yet open, she may now entitle herself to dower by redeeming ; but if the mortgage has been redeemed in such manner that she can avail herself of the redemption, she is entitled to dower in the land itself.

WILDE J. delivered the opinion of the Court. Several parties have appealed from the decree of the judge of probate ordering distribution to be made of the estate of John Grout deceased, and several distinct questions are raised on their respective claims.

At the hearing before the judge of probate, John Jennison, the administrator on the estate of John Grout, claimed to be allowed the amount of a bill of costs recovered against him and the heirs of John Grout, in a suit in equity in which they, the administrator, and heirs, were plaintiffs, and Hutchins Hapgood was defendant. This claim was disallowed by the judge of probate, and his decision on this point is manifestly well

*Margin notes:*

Jennison
*v.*
Hapgood.

*Oct. tm.*

founded. The administrator has never paid any part of this bill of costs ; it was paid by one Saunderson ; so that if there were any claim which ought to be allowed, it would only be to the extent of the administrator's liability to contribution. Mere liability, however, would not authorize an allowance, unless it might be presumed that the liability would be enforced ; as to which we give no opinion, because we think that the administrator is, not liable to contribution. Saunderson paid the money voluntarily, not at the request of the administrator, but with the understanding that he was not to be held responsible. Saunderson was informed by 'Mr. Bigelow before he paid the costs, that it would not do to have the execution go out against the administrator. The suit was commenced for the benefit of the heirs, and the costs were paid on their account undoubtedly ; whether at their request or not, does not appear ; nor is it material, in considering this case, to ascertain that fact.

As to the claim of the heirs, we are of opinion that that also ought not to be allowed. John Grout's estate being insolvent, the claim of his creditors is paramount to that of his heirs. And there is no distinction between the principal sum arising from the sale of the farm by the executor of the will of Jonathan Grout, and the interest which has accrued thereon. The whole has been paid together to the administrator of John Grout's estate, and he holds it in trust for the creditors.

The remaining claim in behalf of the widow stands on a different footing, and ought to be allowed.

She had a right of dower in the equity of redemption, and when the mortgage was paid off, her right was thereby enlarged. This estate was sold by the administrator of Jonathan Grout's estate, and was purchased in for him ; and it has been decided in another case, that this sale was not merely void, but voidable only, and that those interested in the estate might elect to avoid the sale, or to confirm it, and to look to the proceeds of sale as a substitute. In pursuance of this decision the widow elected to confirm the sale so far as she was interested, and she is bound by that election and is estopped to claim her dower in the land. It has been contended that the mortgage has been foreclosed by the entry of Mrs. Hale the mortgagee

and by her peaceable possession, and that of Hutchins Hapgood, for more than three years. This has been virtually decided to the contrary heretofore, on a full consideration of all the facts having any bearing on the question. The Court could not decide that the parties interested in this estate might elect to avoid the sale of the equity by Hapgood, if he had foreclosed the mortgage, and thereby obtained a valid title as assignee of the mortgage. This was decided in the case of *Houghton* v. *Hapgood*, and it is no longer an open question, and if it were, it is very clear that Hapgood, being as executor of the will of Jonathan Grout bound to redeem the mortgage, could not foreclose it against the devisees and persons interested in the estate under his will. And besides, in the case stated it is expressly agreed that Hapgood *redeemed* the mortgage.

The decree of the judge of probate therefore must be reversed and corrected so far as to admit the claim of Prudence Saunderson, the amount of which is to be computed by the tables and paid over to her, and the residue to the creditors of John Grout according to the original decree.

———

At October term 1834, the question of the widow's right of dower came before the Court again, upon a suggestion that she had not made an election to take the proceeds of the real estate, as above stated ; and *Brooks* insisted that Hapgood had no assets to redeem, and that as the widow had not redeemed, she was not entitled to dower. But *Shaw* C. J. said that this argument had the same force against the creditors of John Grout as against the widow, for neither did they redeem ; that it was applicable to a former stage of the proceedings ; that the question now was only as to the distribution of a sum of money paid to the administrator of John Grout upon the ground that the executor of Jonathan had redeemed the mortgage. And in regard to the election of the widow, the Court thought that there was no error in the statement of facts at the former argument, but that this was immaterial, for she might now make the election ; and the decision made in October, 1833, was confirmed.